OPINION of the Court, by
Judge Logan
Thi* is an action ot detinue tor a negro that both parties claim under transfers from Mary Caldwell. The ap-péllant claims in virtue of a bill of sale from William Snelling, dated the 1st of January, 1810 Snelling claimed under a sale from James Caldwell of the same date ; and James Caldwell claimed in virtue of a bill of sale from Mary Caldwell, purporting to have been executed on the 10th day of October, 1807.
*10 The appellee, who was the plaintiff below, founds his claim upon a bill of sale from William Caldwell, dated the 16th of February, 18 iO, who derived claim from the gift of Mary Caldwell.
Upon t.ie trial of the cause, ¡he plaintiff, in order to establish his right to the negro, offered the declarations of th- said Mary, which had been made after the sale and transfer of the negro to James Caldwell, to prove that sh • had previously given the negro to William Cal 1 well, and would not have sold him to James Caldwell, only that William was indebted, and his creditors might sell the negro. This evidence was objected to, but the objection was overruled, and the evidence permitted to the jury ; which is assigned as one of the errors for a reversal of the cause.
Subsequent declarations by a party to a sale or transfer of property, which go to take away a vested right, are not admissible evidence. This point was decided by dus const, October term 1811, in the case of Bartlett vs. Marshall (a). The same doctrine is laid down Johnson’s Reports, vol. 5, p. 412. To admit such evidence would place it in the power of a vendor, who had betra. ed a want of correct or honest conduct by creating different claims to the same property, to defeat at will prior purchases, in favor of another person, without acting under the obligations of an oath, and almost without the possibility oí controverting their declarations. Declarations of a right, if in the general true, may be expected within the power of the bargainee or grantee to prove. But if not true, how can it be disproved ? The evidence ought not to be admitted.
With respect to the other points made in the progress of the cause, it seems unnecessary to decide them, because they may not occur again upon another trial of the cause.
Judgment reversed and cause remanded for new proceedings.

 2 Bibb. 468.