' OPINION of the Court, by
Judge'Owsiet.
This is an appeal from a judgment obtained by Burton iii an acfjon 0f detinue brought by him to recover a negro Hi an from Brashear.
Both parties claim the negro through Mary Cald-we]|, Brashear deduced his claim by a purchase from who held under James Caldwell, who in 1806 purchased from Mrs. Caldwell; and Burton deduced Bis claim as the alienee of William Caldwell, who also cla>me(l the negro under an agreement with Mrs. Cald-well of prior date to the purchase by James Caldwell.
The trial was had upon pleas of the general issue and statute of limitations; and Burton, to manifest his right, *443 introduced as evidence a bill of sale from William Caldwell to him for the negro; and the execution thereof being proven by Caldwell in open court, it was permitted to be read to the jury; and it is contended the bill of sale should not have been received as evidence, without proof of its execution being first made by some of the subscribing witnesses.
The bill of sale is under the seal of Caldwell, and upon a trial of the issue of non est factum in an action against him on the deed, according to the settled rules of evidence it would not be competent, as there are subscribing witnesses, to introduce other evidence of the acknowledgments of Caldwell.
This rule of evidence we do not however suppose should, in a case like the present, where the execution of the deed is not directly in issue, but arises incidentally, exclude the evidence of the vendor to prove its execution.
By a bill of exceptions taken to the refusal of the court to grant a new trial, the whole of the evidence is made part of the record; and it is assigned for error that a new trial ought to have been awarded.
Upon a full and candid review of the whole evidence, we are satisfied the plaintiff in the court below failed to manifest any right to recover the negro from Brashear. The claim of Brashear, as deduced through Mrs. Caldwell, by a purchase of James Caldwell, is clearly manifested by the proof in the cause; and whatever might have been the result in a contest between William Caldwell and Mrs. Caldwell, we cannot perceive the principle upon which a recovery can be had against her alienee: for admitting,(as the evidence in some measure conduces to prove the fact) that a parol agreement was made between Mrs. Caldwell and William, whereby the latter became entitled to the negro fro/n the former before the purchase was made by James Caldwell, that agreement, under the circumstances of this Cause, cannot Warrant a judgment in favor of Burton: for the pr oof is incontrovertably clear, that if such an agreement was made, Mrs. Caldwell and those claiming under her remained quietly possessed of the negro for more than five years, without any demand being made by William; and as to the creditors and purchasers of the persons so possessed, according to the statute against frauds, the absolute property must be considered with the posses* *444 sion. We are of opinion, therefore, a new trial should have been awarded.
The judgment must be reversed, the cause remanded to the court below, and such further proceedings there had as may be consistent with this opinion.
The appellant must recover his costs in this court.