Judge Miu,s
delivered the opinion.
This is an action of detinue for a slave, and has been twice heretofore brought to this court by the present ap-pellee. On the first occasion it was reversed, because, during the progress of the trial, improper evidence was admitted on the part of the present appellant: See 3 Bibb, 9.
The second time it was reversed, because the court below had improperly refused to grant a new trial, this court being of opinion that, by the evidence then adduced, the plaintiff below shewed no right to recover: See 4 Bibb, 442.
On its return again to the court below, another trial was bad, and a verdict again found for the present appellant, the plaintiff below. This verdict the court below set aside and granted a new trial, and the appellant excepted, relying on the sole ground, that as the first reversal by this court directed new proceedings, and amounted to a new trial in effect, and the second reversal granted a new trial expressly and directly, to the same party, the court belew could *277 not grant a third new trial under the act of assembly, which provides that “no more than two new trials shall be granted to the same party in the same cause.” On the last trial, after the plaintiff below, now appellant, had given in all his evidence to support the issue of non detinet pn his part, the appellee, the defendant below, tendered a demur? rer to the evidence. The defendant refused to join in demurrer, but was ruled so to do by the court. The jury found a conditional verdict in the usual form. The court below gave judgment for the demurrant, from which the plaintiff below has appealed.
^¿emul.rer to evidence ⅛ not to be timony de-" murred to is ^ de-mm.Pant has cross examined *he witnesses‘
With regard to the demurrer, which we shall first notice, it is now contended that the court below ought not to have compelled the appellant to join; first, because the evidence, being chiefly parol, was not of that kind to which a demurrer was admissible^-and secondly, that as the defendant below had interrogated the witnesses of the opposite party while they were deposing, he had in effect made them his own, by proving facts by them, and could not, according to the principle settled by this court in the case of Hart vs. Calloway, be compelled to join.
It is true, the evidence given by the appellant, on this last trial, except a bill of sale, is verbal; but it is not contradictory or doubtful, so that the facts which it proved, or. conduced to prove, could not be easily discovered. We therefore see no objection to the demurrer being allowed, or that the appellee ought to loose the right of demurring, which is secured to him by the common law.
As to his interrogating the witnesses of the opposite par-tv, we cannot conceive that he thereby lost bis right of demurring on that account. Cross interrogations by the party against whom a witness is called to depose, is allowed for two purposes — first, to extract the whole truth by new facts, or shed light on those first stated: and secondly, for the purpose of impeaching the witness and trying the credibility of his statements, A demurrant to evidence must lose the benefit of the latter, because, by the act of demurring, he admits the truth of every fact proved; but he ought not to lose the benefit of a demurrer, because he has extracted the whole truth, or made it more plain, but has not made out contradictory facts. If every party, who interrogates the witness of his opponent, makes that witness his own, it must follow in every case that no witness could be impeached after he was interrogated by the opposite par *278 ty; and tnat the party intending, either to demur or ½-..peach the witness, must take the statements of the witness, oftentimes nearly unintelligible, in the very shape in winch the witness, who might be wholly ignorant of the issue, should place them, or as the opposite^party should choose to*#xlract them The interrogation of the witnesses, introduced by the appellant, furnishes no objection in this case <u the demurrer of the appellee.
Aplaintiffin detinue most ^ves the*16 pos^ssiorfof th-: property jo hare been at^ome hne before the da c of the writ‘
If a ‘ud ment is. le-versed on an cmf-t below" and remand’ e forfu-ther proceedings, ¿minted^as^a new ral, md thus restrict courttogran-ting only on •. more ngwtri- **•
to the judgment of the court on the demurrer for the appetíye, we cannot disturb the decision The evidence taken as true, proved the right of-property in the plaint iff below', unopposed by any claim of the defendant there. But 'b|J evidence demurred to is wholly silent as to the possession of the defendant. It is not proved that ever the defendant had the possession, of where the negro was. If, as sugges,ed at the bar, we could travel to other parts of the record, and extract evidence given and enrolled by es-ception on Conner trials,,we migiit discover that the defend* ant had possession. But this we are not permitted to do. On the last trial, the plaintiff below was bound to shew his cause of action complete, without regard to what had been done on former trials. 'Phis he failed to do, and we must take his case as the evidence then shaped it; and so taken, he wholly failed to^ support his action. For possession in the defendant in detinue, at some period before action brought, is indispensable.
But ll|e previous question existing in the record, upon the power of the court below to grant the last new trial, is one mo£,e f"?vehy> as >*• has not before occurred in this court, The act of assembly is explicit and positive: “Not more than two new trials shall be granted to the same party in the same cause.” And the last clause of the same act Prov¡desi “That all things herein contained shall be the rules of decision and proceeding in all courts whatsoever, within this commonwealth.” 1 Litt. 500. 502.
The same party had the bentfit of all the new hearings granted in this cause, and the cause itself remained the same, although it was sometimes placed before this court for the purpose of revision on legal questions. The last decision of this court directed the court below to grant a new trial, which that court had refused, when applied to for that purpose, and for this purpose alone w«3 the cause reversed. On the first trial here, the effect of the decision was a new trial or new proceedings, because of improper *279 evidence. The design of the act was to limit the power of courts over verdicts, and to preclude them from further pro longing the contest after three juries bad decided in the same manner But little doubt can remain, that the new trial, obtained try the decision of this court ob the last occasion, ought to be counted asoné of the two, which the law allowed the defendant below to obtain. The main question then is, ought the first decision of this court lobe counted, as another new trial? On the admission of evidence before the jury in the first trial, evidence was offered and objected to. The objection was overruled and the decision excepted to. After the verdict was rendered, the defendant below in that court, moved for anew trial, and one of the grounds then relied on, was the admission of the same improper evidence, and that court overruled the application. But in this court the question was decided the first time upon the exception to the admission of this evidence, wilhout saying any thing on the subject of the court below refusing to grant a new trial on that account. Can the decision of this court count one, then, in the number of new trials?
The practice of this court on reversals, is different from that, of most courts of appellate jurisdiction; and this difference arises out of our statutory provisions, which directs that partial reversals may take place and require this court to go back as far in the record as error appears, and direct new proceedings in the same cause to commence at that point in the court below. If this practice did not prevail, and a reversal disposed of that suit, and drove the parlies to a new action, the present question could never occur. As the practice then, has substituted new proceed’ngs in the old suit, instead of a new action, we cannot conclude that it has brought the party within the operation of another law, so far as to make him count a correction of a legal error in his favor as a new trial. One of the objects of the act in question, was, no doubt, to restrain the unlimited discretion of courts, over juries, whose province "it is to d* termine facts; hut it could not be intended to restrain the power of a superior revising court, over the erroneous acts of an inferior. If such construction should be given to the act, it would be more calculated to ¡¡jure than to preserve the purity of the trial of facts by a jury ; because it might ultimately ratify their finding on iinprnpt r evidence, tor the admission of which they were not responsible, and which *280 they were bound to bear. Such would evidently be the case, if an inferior court should persist in the admission of improper evidence until the revising power of this court was exhausted by two applications. As the first reversal then, in this court, was on account of the admission of improper evidence, only, we do not conceive that it ought to be counted as one new trial, and that it was not in law one of the new trials designed by the act of assembly. It results, therefore, that the court below did not err in granting the last new trial, and that the judgment must be affirmed with costs.
Pope for appellant, Hardin for appellee.