Judge Hag-gin
delivered the opinion of the Court.*
ON the 11th of September 1813, Jacob Burriss mortgaged a female slave and her child to Phoebe Dillon, to indemnify her against responsibility as his security, and on the 13th day of the same month, that deed was acknowledged and ordered to record, in the court of the county of Henry, and State of Virginia, being the same county in which it is recited that the mortgagor resided. The woman subsequently had two more children.
On the 9th of November 3 821, Burriss and Dillon united in a sale and conveyance of one of the slaves, to Miller, and on the 20th of the same month, Burriss executed to Miller a bill of sale for the other three.
Mrs. Dillon prosecuted an action of detinue, and recovered judgment for the slaves so sold by Burriss to Miller.
On the trial of this suit, the plaintiff introduced Burriss as a witness to prove the execution of the morí-g«ge, and that the plaintiff had been compelled to pay some money for him, and had advanced more, and that he had paid to her other sums, but was still in arrear. His testimony was opposed by the defendant; but he was admitted tis competent, by the court.
The court also gave several instructions, and refused to give som'é for which the defendant made a mo- . tion; all of which are set forth in a bill of exceptions.
la an action by mortgagee mortgaged ° propJrly from the vendee of the^mortgagor is competent to prove the mortgage, Si that it re-iáfietT 16 '
competent,in such case, where the witnesses are out of the cro the ecuüonofthe mortgage, The mortgagor is also
it was pro'ved, that the subscribing witnesses to tbc mortgage from Burriss to the plaintiff were all citizens of Virginia; still it is contended that Burriss, the grantor of both parties, could not be received to prove the first deed and show the money due upon it, to the .prejudice of his alienee, Miller, and that the proof is irregular, because the witness deposes as to his own signature, when he should have spoken of the handwriting of the subscribing witnesses.
In this controversy, it was necessary to prove that the mortgage offered in evidence b.y the plaintiff was the act and deed of Jacob Burriss, and we would not suPPose that any person could be more perfectly conscious of the fact, if the instrument wore genuine, nor any who could more positively deny it, if a forgery, himself; none who belter knew the motives and circumstances inducing and attending it, and none who would more probably retain a clear and vivid recollec-Qf them; for interest had deeply impressed the wnole transaction upon his memory. Apart, therefore, from all other influence, and it would seem that the and obligor, in the grade of witnesses, stand among the first. But, agreeably to the law of evidence, one of the parties to a suit cannot bo compelled to testify, and- no man shall be permitted to give testimony for the advancement of his own interest. It, therefore, rarely happens, that the maker can be permitted to establish his own deed. When, however, a-case shall occur, in which the grantor stands free from all interest, we are apprised of no rule which forbids his introduction; and authorities are found in favor of it. See 1 Strange 35, 6 Johnson 137, and the cases there cited; 4 Bibb 442, 331, 1 Johnson 159.
We cannot perceive how the testimony of the mortgagor, in this case, tended to subserve his own interest.
The position, that the witnesses examined to prove a deed, must speak of the hand writing of the attesting witness, rather than that of the obligor, we do not consider tenable. If the object Were to show that the instrument was duly attested, then surely the testimony would be most pertinent, which related -to the hand-writingof the witness; but the end is to prove its exe-cuti°n by the grantor, and to establish bis-hand-writing more direct and conclusive, and would seem at least as satisfactory. Tire hand-writing of the witness being *75 proved, the genuineness of the instrument may not still be certain; something depends upon the integrity of that witness; hut if the signature of the grantor be proved, certainty is attained. It is not,, however, necessary that the court, in this case, shall decide which, is preferable; nor is it intended to say, that, in the grades of evidence, there is any difference between the attesting witnesses and the grantor; for the absence of those witnesses has been proved. Nor is it intended that the interrogation should rather’ be applied to the signature of the grantor, than of the attesting witnesseS; on the contrary,-we suppose the parties at liberty to exercise their own discretion on this subject; at least it is too late to take the exception for the first time in this court, and it was not made-in the court , 7 ' *ow’
ft seems, that a witness to the' absence of thesuhscrib-in| the signature of either the PNt^0®:^1' bribing witness.
- , Where the evidence docs not appear iu the record, in-presume^thV: instructions if Ije^usíTñeci in arly 3tato of, proof,
Bibb, for appellant; Sharp, for appellee.
Touching the-several instructions given.and refused by the circuit court, we have not the information upon which we can act. The testimony is not set forth the record. We can, in relation to each point, very readily imagine a state of proof which would the opinion pronounced. We cannot say such testimony was not before the court; but, indulging the consideration due a superior and judicial-tribunal,-wc must, on the contrary, the affirmative.
Judgment affirmed with costs.

 Absent, Ch. J. Barry,