### CANFIELD & DIXON vs. MAHER & AL.

APPEAL from the court of the parish and city of New Orleans.

Insolvent's books not good evidence in an action between creditors.
A payment made on the eve of bankruptcy, out of the usual course of business, *is void.*

PORTER, J., delivered the opinion of the court. This action is brought by the syndics of an insolvent's estate, to recover the value of merchandise sold by the insolvent. The petition does not state whether the sale was made before or after the failure : it concludes with a prayer for general relief.

The answer contains a general denial, and an allegation that the transaction took place in the fair course of trade.

There was judgment for the plaintiffs, for the value of the goods. The defendant appealed.

The evidence shows, that the debtor filed his petition for the surrender of his property

on the 15th of March, and that the goods were
not delivered until the 11th.

There is a bill of exceptions to the opinion of the judge refusing the defendants permission to prove by the insolvent's books the correctness of the transaction. We think the judge did not err; this point has been more than once decided in this court. 3 *Mar.* 707. 12 *ibid.* 157.

There is no legal evidence on record, that these goods were paid for at the time of delivery or since; and if they were delivered in discharge of an antecedent debt, the transaction was out of the ordinary course of business, and cannot affect the rights of other creditors. This case is stronger than that of *Ritchie & al. syndics*, vs. *Sands & al. syndics*, 10 *Mar.* 704. See also 3 *Mar.* 277, *and* 4 *ib.* 625.

It is therefore ordered, adjudged, and decreed, that the judgment of the parish court be affirmed with costs.

*Hoffman* for the plaintiffs, *Preston* for the defendants.